## SUPERIOR COURT

---

Agnes E. Holgate
vs.
United Elec. Rwys. Co. } W.C.A.No. 501

RESCRIPT

October 20, 1924

BARROWS, J. Heard on petition for compensation.

There is no dispute about the facts. One Richard A. Holgate met his death from an accident arising out of and in the course of his employment as night foreman at the Broad Street car house of the United Electric Railways Company. The accident occurred on the 16th of May, 1924, and Holgate died on the following day. There is no dispute as to the amount of his wages or otherwise, except as to the legal question whether petitioner is his widow and as such entitled to compensation.

The facts in the case are that Holgate and petitioner, both residents of Rhode Island, went through a ceremony of marriage at Attleboro on April 19, 1907; that Holgate had been previously married and that a divorce

decision had been rendered by this court in his favor on the ground of desertion on January 7, 1907. This decision could not become effective for six months and the bond of marriage was not dissolved by final decree until August 5, 1907. Holgate and petitioner after the said ceremony returned to and resided continually in the state of Rhode Island until Holgate's death. Petitioner was in good faith in believing that she had the right to contract the marriage with Holgate at the time the ceremony was performed and always thereafter she believed she was legally married. There is no evidence whether or not Holgate knew as a matter of law that he did not have the right to go through the ceremonial marriage with petitioner. Petitioner offered to prove that Holgate had stated to her that his lawyer said he could legaly marry, but this offer was objected to by respondent and was not pressed. There are affidavits from four persons including Holgate's brother and sister that from the time of the ceremony until the time of Holgate's death, the parties lived together as husband and wife, holding themselves out as such to many respectable people and to their relatives. Holgate in at least two instances after the impediment to a legal marriage had been removed by final decree took out life insurance in the applications for which he requested that it be made payable to petitioner as his wife.

Upon these facts petitioner claims that she was the common law wife and is now the widow of the deceased and as such is entitled to compensation.

There is no doubt that the cases cited by respondent from Wisconsin, Massachusetts and Illinois clearly support its position that petitioner is not the widow of deceased. These states, however, do not recognize a common law marriage under any circumstances. Massachusetts alone, by statute, Chapter 207, Sec. 6, creates the marriage status for people living together as did the Holgates after the removal of the impediment. This statute, however, can not avail the petitioner because the parties never were residents of Massachusetts. The cases cited from Indiana, New Jersey and Pennsylvania, to wit:

Compton et al vs. Benham et al, 44 Ind. App. 51;

Collins vs. Voorhees, 47 N. J., Eq. 556; and

Hunt, Appt., 86 Pa. St. 294, are from states recognizing the validity of the so-called common law marriage.

See Koegel, Common Law Marriage, page 164

In these cases the doctrine is laid down, and we believe correctly, that cohabitation and reputation do not create marriage, but are only circumstances from which it may be presumed if the parties are competent to marry. In cases where the original relationship was illicit and there are no new acts in recognition of the marriage status after the impediment has been removed, the court will not presume a new and valid marriage status to have been created. In all the above cases one or both of the parties knew that the original relationship was adulterous in spite of the ceremony. Continuance, if both knew, furnished no presumption of change of mind in the parties. If only one knew it, continuance still carried merely the idea of continued fraud and deceit practised by that one upon the innocent party and not a joint intention to form a valid marriage status. The above cases, in which it was found that no common law marriage existed, all agree that circumstances may exist where the relationship should be recognized. In the present case we have no evidence that Holgate knew that the ceremonial marriage was a nullity. Perhaps, however, we must presume that he

knew the law. Petitioner was entirely in good faith. The ceremonial marriage was unquestionably void. After August 7, 1907, both were capable of contracting a valid marriage relation if they had seen fit to do so. It seems to us to be no violence to the facts to presume from them that petitioner carried forward the intention to be his legal wife that she had at the time of the performance of the formal ceremony. Holgate not only continued to live with, support, cohabit and hold her out to the world as his wife, but on two different occasions after the impediment had been removed, he made her by name as his wife the beneficiary of insurance policies. These circumstances we consider sufficient to show a new intent upon his part to make her his wife and to create the marriage status between them. We believe that they were common law husband and wife, and we therefore hold that petitioner is entitled to compensation as the wife of the deceased.

For Petitioner: John L. Curran.

For Respondent: Clifford Whipple and Earl A. Sweeney.